## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **CHRISTOPHER COOK,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No.:** |
| | : | |
| **NEW ENGLAND POWER COMPANY** | : | |
| **d/b/a NATIONAL GRID and PRO** | : | |
| **UNLIMITED, INC.** | : | |
| **Defendants** | : | |

## COMPLAINT

### I.    Introduction

This is an action brought by the Plaintiff against the Defendants seeking compensatory and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief arising out of the unlawful discrimination in employment the Plaintiff suffered in violation of the Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, et seq.

### II.    Parties

1.    The Plaintiff, Christopher Cook, at all times relevant to this action, was a resident of the City of Lafayette, County of Lafayette Parish, State of Louisiana, and was an employee of the Defendant.

2.    Defendant New England Power Company d/b/a National Grid ("NG") is a corporation duly organized and incorporated pursuant to the laws of the Commonwealth of Massachusetts, and maintains a principal mailing address at 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

3.    Defendant PrO Unlimited, Inc. ("PrO Unlimited") is a foreign corporation duly organized pursuant to the laws of the State of New York, and maintains a principal mailing address at 999 Stewart Avenue, Suite 100, Bethpage, NY 11714.

### III. **Jurisdiction**

4.      This Court has jurisdiction over Plaintiff's claims through diversity jurisdiction pursuant to 28 U.S.C.A. §1332(a) insofar as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship between the Plaintiff and the Defendant.

### IV.      **Venue**

5.      Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### VI. **Material Facts**

6.      On or about August 17, 2020, Robert Poche ("Poche"), an employee at Defendant NG, called the Plaintiff and offered him the NG Field Point Liquefaction project in Rhode Island.

7.      Prior to the aforementioned telephone call with Mr. Poche, the Plaintiff underwent a background check which showed an arrest record in May, 2018.

8.      During this telephone call, the Plaintiff told Mr. Poche about his aforementioned arrest record and the reasoning behind same.

9.      In response, Mr. Poche told the Plaintiff, "everybody has something from the past" and that he did not think the Plaintiff's arrest record would be problematic.  Mr. Poche also told the Plaintiff to be "on site" on August 24, 2020.

10.      On August 24, 2020, the Plaintiff began working at the NG Field Point Liquefaction project in Rhode Island.

11.      At this time, the Plaintiff worked for Defendant NG through a contractor, Sky Testing Services, Inc.

12.     However, while working at the NG Field Point Liquefaction project, the Plaintiff reported directly to Mr. Poche, Patrick Chaney ("Chaney"), Defendant NG Site Construction Manager and Field Point Liquefication Project Manager, Brendon Maloney, Defendant NG Site Construction Manager, and Dennis Behr, Defendant NG Engineer Manager.

13.     On or about August 27, 2020, the Plaintiff had a telephone call with Mr. Poche. During this conversation, Mr. Poche informed the Plaintiff that Defendant NG received his completed background check and that it had all the information, including, but not limited to, his arrest record.

14.     Mr. Poche also told the Plaintiff that Mr. Chaney might call him to discuss his background check.

15.     At no time during the aforementioned telephone call did Mr. Poche seem concerned about the Plaintiff's background check and/or arrest record.

16.     In addition, Mr. Chaney never contacted the Plaintiff to discuss his background check.

17.     Thereafter, Mr. Poche and the Plaintiff called Mr. Chaney. During this telephone call, Mr. Poche asked Mr. Chaney how long the Plaintiff would be assigned to Defendant NG's Field Point Liquefication project. In response, Mr. Chaney told Mr. Poche that the Plaintiff would be on the project for "at least a year."

18.     On September 2, 2020, the Plaintiff received an e-mail from Defendant NG, which stated that he was required to take a NG Certified Welding Inspector ("CWI") test to be qualified for the NG Field Point Liquefication project.

19.     Shortly thereafter, the Plaintiff took the NG CWI test and received a qualification card for the NG Field Point Liquefication project.

3

20.     In late September, 2020, the contractor for the Defendant NG Field Point Liquefaction project changed from Sky Testing Services, Inc. to Defendant PrO Unlimited.  As a result of this vendor change, the Plaintiff had to undergo a second background check for Defendant PrO Unlimited.

21.     On September 25, 2020, Jeannie Hegarty ("Hegarty"), Program Consultant II at Defendant NG, sent Mr. Chaney an e-mail stating that the Plaintiff "has not passed NG background screenings."

22.     That same day, September 25, 2020, Ms. Hegarty sent a follow-up e-mail to Mr. Chaney, Alexander Devine, a Defendant NG employee, and Mr. Poche explaining that Defendant PrO Unlimited sent the Plaintiff's background check to Defendant NG for verification and Defendant NG informed Defendant PrO that the Plaintiff "is not eligible for employment."

23.     On September 29, 2020, more than a month after being employed by Defendant NG at its Field Liquefaction Project, Defendant NG terminated the Plaintiff from his employment.

24.     The purported reason for the Plaintiff's termination was that he did not pass his background check based on his arrest record.

25.     At the time of his termination, the Plaintiff had been working at the NG Field Point Liquefaction project for over a month.

26.     The facts of this matter clearly establish that Defendant NG discriminated against the Plaintiff on account of his arrest record in violation of the FEPA.

27.     Defendant's actions and/or omissions are in violation of the FEPA and were motivated by malice and ill will toward the Plaintiff, and Defendant's actions were intentional, willful, malicious and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

28.     As a proximate result of Defendant NG's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff suffered loss of income, as well as employment benefits, mental and physical anguish, pain and suffering, and loss of enjoyment of life.

### VII. <u>Claim for Relief</u>

29.     The Plaintiff incorporates in the count below the allegations contained in paragraphs 1-28 above.

### <u>Count One</u>
### <u>Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*</u>

30.     Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his arrest record in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### VII. <u>Prayers for Relief</u>

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.     a declaratory judgment that Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*;

2.     enjoining and permanently restraining Defendant from violating the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*;

3.     award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

4.      award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5.      award the Plaintiff punitive damages;

6.      award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7.      such other and further relief as the Court deems just and proper.

## IX.  Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X.  Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: September 13, 2021

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)

/s/ Jessica A. Roberge
Jessica A. Roberge (#10179)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)
edf@formisanoandcompany.com
mpushee@formisanoandcompany.com
jroberge@formisanoandcompany.com

## **CERTIFICATION**

I hereby certify that on the 13th day of September, 2021, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano